IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>vs.<br><br>RAYVELL VANN,<br><br>    Defendant-Movant. | No. 1:16-cv-01204-PJK-KRS<br>No. 1:12-cr-00966-PJK-1 |

FIRST AMENDED ORDER ADOPTING PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION OF THE MAGISTRATE JUDGE

THIS MATTER comes on for consideration of Defendant's Responses [Objections] to Proposed Findings and Recommended Disposition filed September 15, 2017 (Doc. 15, 1:16-cv-01204-PJK-KRS; Doc. 287, 1:12-cr-00966-PJK-1). In accordance with 28 U.S.C. § 636(b)(1)(B), this case was referred to Magistrate Judge Kevin R. Sweazea who recommended that Mr. Vann's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 be denied and the case be dismissed with prejudice. (Doc. 14, 1:16-cv-01204-PJK-KRS; Doc. 286, 1:12-cr-00966-PJK-1).

In a jury trial, Mr. Vann was convicted of possession with intent to distribute phenycyclidine (PCP) and codeine. He was sentenced to 180 months' imprisonment and

eight years' supervised release.[1] His convictions were affirmed on direct appeal. United States v. Vann, 776 F.3d 746 (10th Cir. 2015). Mr. Vann argues that the magistrate judge should have determined that his counsel was ineffective by not calling three witnesses, failing to adequately cross-examine witnesses and commenting on the testimony, and not allowing him to testify. To prove ineffective assistance of counsel Mr. Vann must demonstrate deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). The court agrees with the magistrate judge that Mr. Vann has not satisfied these requirements.

Insofar as the claim that his counsel did not allow him to testify, Mr. Vann was hardly a reticent or inexperienced defendant, and had he testified, the government would have impeached him with his prior convictions and his interview statements. Be that as it may, Mr. Vann has never articulated what his testimony would have been; therefore, he cannot demonstrate a reasonable probability that the outcome of this proceeding would have been different. United States v. Nguyen, 399 F. App'x 402, 408–09 (10th Cir. 2010).

The court further agrees with the magistrate judge that Mr. Vann has procedurally defaulted his claim under United States v. Alleyne, 133 S. Ct. 2151 (2013). In his objections, Mr. Vann argues that this claim is really one for ineffective assistance of

---

[1] Count 1, 21 U.S.C. 841(a)(1) & (b)(1)(B), has a statutory range of 5–40 years; Mr. Vann received 180 months. Count 2, 21 U.S.C. § 841(a)(1) & (b)(1)(E)(3), has a statutory range of not more than 1 year; Mr. Vann received twelve months. The sentences run concurrently.

appellate counsel.  Regardless, the claim is without merit because Mr. Vann cannot demonstrate deficient performance or prejudice: the district court found no facts which would raise the minimum penalty for either offense.  Mr. Vann was sentenced within the statutory range for each offense of conviction (not above a certain minimum or in excess of the maximum); Alleyne does not apply.

The court has reviewed the § 2255 motion, the government's response, the proposed findings and recommended disposition by the magistrate judge as well as Mr. Vann's objections and the goverment's response.  The court has made a de novo determination of all matters to which objection is made.  28 U.S.C. § 636(b)(1).  The court will adopt the proposed findings and recommendation of the magistrate judge.

The court must issue or deny a COA when it enters a final order adverse to the applicant.  A COA should issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  An applicant can satisfy this standard by demonstrating that the issues raised are debatable among jurists, a court could resolve the issues differently, or the questions deserve further proceedings.  Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).  After considering the issues raised and their disposition, the court will deny a COA.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:

(1) Defendant's Responses [Objections] to Proposed Findings and Recommended Disposition filed September 15, 2017 (Doc. 15, 1:16-cv-01204-PJK-KRS; Doc. 287, 1:12-cr-00966-PJK-1) to the Magistrate Judge's Report and Recommendation filed

September 1, 2017 (Doc. 14, 1:16-cv-01204-PJK-KRS; Doc. 286, 1:12-cr-00966-PJK-1). are overruled.

 (2) The Proposed Findings and Recommended Disposition of the Magistrate Judge (Doc. 14, 1:16-cv-01204-PJK-KRS; Doc. 286, 1:12-cr-00966-PJK-1) are adopted.

 (3) Mr. Vann's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. 2, 1:16-cv-01204-PJK-KRS; Doc. 277, 1:12-cr-00966-PJK-1) is denied.

 (4) A certificate of appealability is denied.

 (5) A separate judgment shall be entered in the civil case (1:16-cv-01204-PJK-KRS).

 DATED this 24th day of October 2017, at Santa Fe, New Mexico.

/s/ Paul Kelly J.
United States Circuit Judge
Sitting by Designation

Counsel:

Rayvell Vann, pro se.

David M. Walsh, Assistant United States Attorney (James D. Tierney, Acting United States Attorney), Albuquerque, New Mexico, for Plaintiff.